Filed 4/16/14  P. v. Banks CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064573 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245382) |
| NAKIA TROY BANKS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Appellate Defenders, Inc., and Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Nakia Troy Banks pled guilty to one count of possessing marijuana for sale (Health and Saf. Code, § 11359)[1] (count 1). At sentencing, the trial court suspended imposition of sentence and placed Banks on formal probation for three years.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

II.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, the People filed a complaint against Banks alleging one count of possessing marijuana for sale (§ 11359) (count 1) and one count of resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) (count 2). The People further alleged that Banks had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

In February 2013, the trial court expressed a doubt as to Banks's competence, suspended proceedings pursuant to Penal Code section 1368, and committed Banks to a

---

[1] All subsequent statutory references are to the Health and Safety Code, unless otherwise specified.

state hospital.  Approximately six months later, the court found Banks competent and reinstated criminal proceedings.

On August 12, 2013, Banks entered into a plea agreement with the People.  In exchange for his plea of guilty to count one, the People agreed to dismiss the remaining counts and further agreed that Banks would be placed on formal probation.  That same day, the trial court held a change of plea hearing, accepted Banks's plea of guilty, and granted the People's motion to dismiss the remaining counts.

In September 2013, the trial court suspended imposition of sentence and placed Banks on formal probation for a three-year term.  The court also granted Banks 386 days of presentence credit.

Banks filed a timely notice of appeal.[2]

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436.  Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

"Is appellant's plea constitutionally valid?"

---

[2] Although Banks filed a signed request for a certificate of probable cause (see Pen. Code, § 1237.5), his request did not contain any text, and the trial court did not rule on the request.

3

"Did the trial court comply with its duty under Penal Code section 1192.5 to establish a sufficient factual basis for the guilty plea?"

"Did the trial court abuse its discretion by suspending imposition of sentence and ordering appellant to serve a three-year . . . probation term?"

After this court received counsel's brief, we provided Banks with the opportunity to file a supplemental brief. Banks did not file a supplemental brief.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Banks has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The judgment is affirmed.

 

 

AARON, J.

WE CONCUR:

 

McCONNELL, P. J.

 

HALLER, J.

4